JACKSON v. SEDGWICK.

(District Court, E. D. New York. March 4, 1912.)

BANKRUPTCY (§ 186*)—PREFERENCES—TRANSFER OF ACCOUNTS.

Where accounts of a corporation were transferred to a director to secure her for advances, and some of the goods represented by the accounts were rejected and returned to be credited on the accounts, and the goods themselves were sold at auction by the corporation, and some of the proceeds of the auctions were paid over to such assignee as a payment on the accounts assigned to her, such items should be charged against her in favor of the corporation's trustee in bankruptcy; she having no right to receive a payment on account of the assignment, either directly from the creditor or by way of a preferential payment from the corporation, through the proceeds of returned goods.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 285, 319; Dec. Dig. § 186.*]

In Equity. Suit by Thomas W. Jackson, trustee for creditors of the United Syndicate Buyers, against Henrietta A. Sedgwick. On exceptions to master's report. Affirmed, with additions.

See, also, 189 Fed. 508.

Frank Benjamin, for complainant.

Robert J. McDermott, for defendant.

CHATFIELD, District Judge. The report is excepted to in five particulars; it being claimed that the evidence shows that $100.79 was paid upon April 2, 1907, $70 May 3, 1907, $1.84 after May 3, 1907, $41.61 June 6, 1907, $100 June 6, 1907, and $9 March 22, 1907. The master has reported that some of these items appear to be the proceeds of auction sales, and that no definite evidence connects the particular sale with the assigned accounts under which Mrs. Sedgwick was collecting money.

The testimony shows that Robert B. Sedgwick testified that all of the moneys received on account of the assignment were included in a book called "Cash Book" or "Order Book" (marked "Exhibit A, June 24, 1910"), and that each of the above items must be included in the totals shown by that book, or by the figures of that book, as it was originally made up. He also testified that none of the amounts paid his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mother came from anything except the proceeds of the accounts assigned to her. The book exhibit in question shows clearly that it had been turned over by Mr. Sedgwick to other parties before these items were paid. The entries upon its face appear to have been made before the date of the last expenditures, and, in the absence of definite testimony that the debit items and totals were made subsequent to the use by Mr. Sedgwick of the book for the entry of his expenses, it must be held that his testimony, that the later items were included in the total shown by the book, was a mistake.

The fact seems to have been that various accounts for goods sold were assigned to Mrs. Sedgwick. Some of these goods were rejected and returned to be credited upon these accounts. The goods themselves were sold at auction by the United Syndicate Buyers, and some proceeds of such auctions were actually paid over to Mrs. Sedgwick as a payment on the accounts assigned to her. It would seem that these items should have been charged against her by the master. She had no right to receive a payment on account of the assignment, either directly from the creditor or by way of perferential payment from the company, through the proceeds of returned goods. For this reason the items of $100.79 and $70 (shown by the testimony to have been paid by Mr. Laffray to Mrs. Sedgwick) should be accounted for by her. The items of $100 and $41.61 appear, if anything, to have been a matter of personal adjustment between Mrs. Sedgwick and Mr. Laffray. The trustee in bankruptcy has not shown title thereto, nor do they appear to have been paid on account of Mrs. Sedgwick's claim, unless paid to her in error for Mr. Laffray. The item of $1.84 is testified to be an adjustment from some previous accounting, and the evidence is not sufficiently definite to show that it was paid on account of the assignment. The item of $9 is shown to have been the share of Mrs. Sedgwick from a check of $1,000 turned over by the auctioneers and held for the security of Mr. Benjamin and Mr. Laffray. The testimony as to this $9 would indicate that it was received by Mrs. Sedgwick; but, again, the application of it to the assignment is not definitely shown, and as to that the master's report should be confirmed.

On the whole matter, therefore, the report will be confirmed as to the items reported by the master, and the items aggregating $170.79 will be added to the amount found due from Mrs. Sedgwick.